Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **WILMA HEATON,** | Case No.: |
| Plaintiff, | **COMPLAINT;** |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*); |
| **LITIGATION SUPPORT SERVICES** | DEMAND FOR JURY TRIAL |
| & | |
| **DELMARVA COLLECTIONS, INC.** | |
| Defendants. | |

## I. INTRODUCTION

1.   This is an action for damages brought by an individual consumer for Defendants' violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2.   Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3.   Plaintiff, Wilma Heaton ("Plaintiff"), is a natural person residing in Lane County, Oregon.

4.   Defendant, Delmarva Collections, Inc., ("Defendant Delmarva") is an entity engaged in the business of collecting debts by use of the mails and telephone. Defendant Delmarva regularly attempts to collect debts alleged due another.

5.   Defendant, Litigation Support Services, ("Defendant LSS") is an entity engaged in the business of collecting debts by use of the mails and telephone. Defendant LSS regularly attempts to collect debts alleged due another.

6.   "Litigation Support Services" is a name used by Defendant LSS, but is a name that Plaintiff has been unable to find and believes does not exist in any Secretary of State's business entity registry. On information and belief, Defendant LSS is a de facto corporation that uses the name "Litigation Support Services" as a means of hiding the true identity of the principals behind the de facto corporation and to escape liability for unfair collection activities.

## IV. FACTUAL ALLEGATIONS

7.   Defendants are each a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

9. All activities of Defendants set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

10. Defendant LSS used the telephone number 804-767-4880 to make collection calls which are the subject of this litigation. This telephone number is, on information and belief, licensed for use and distribution to T-Mobile NE, LLC, a telephone carrier licensed by the Federal Communications Commission. Plaintiff has reason to believe that T-Mobile NE, LLC is in possession of information that can aid in discovering the true identity of the principals responsible for Defendant LSS's unlawful collection activities.

11. On information and belief, the debt at issue, which was originally owed to US Bank, was sold to a company called "United Credit Recovery," who then, according to United Credit Recovery, sold the debt to Defendant Delmarva, who then, according to Defendant Delmarva, sold the debt to QAR, LLC, who then, according to QAR, LLC, sold the debt to Everest Receivable, who claims to currently own the debt.

12. Defendant Delmarva, on information and belief, hired Defendant LSS to collect the debt, knowing that Defendant LSS had a reputation for violating the FDCPA and did not have a legitimate corporate identity, and therefore should be vicariously liable for any violations that Defendant LSS committed while attempting to collect the alleged debt.

13. Within the last year, Defendants took multiple actions in an attempt to

collect a debt from Plaintiff. Defendants' conduct violated the FDCPA in multiple ways, including the following.

14. Defendant LSS used false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including representing to Plaintiff that she had "used inappropriate bank services." (§ 1692e(10).

15. Defendant LSS and Defendant Delmarva both failed to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including failing to provide any of the notices in that section, either orally or in writing (§ 1692g(a)).

16. Defendant LSS threatened to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to take legal action against Plaintiff without intent to follow through on those threats (§ 1692e(5)).

17. Defendant LSS called Plaintiff's sister-in-law twice (§ 1692b & § 1692c(b)).

18. Defendant LSS disclosed to Plaintiff's sister-in-law that Plaintiff was being "investigated" (§ 1692b & § 1692c(b)).

19. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

20. Defendants intended to cause, by means of the actions detailed above,

injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

21. Defendants' actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

22. To the extent Defendants' actions, detailed in paragraphs 10-18, were carried out by an employee of Defendants, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff reincorporates by reference all of the preceding paragraphs.

24. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendants for violations of the FDCPA, §§ 1692g(a), 1692e(5), & 1692e(10).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as

the successful claims, pursuant to 15 U.S.C. § 1692k; and,

    E.    For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 22nd day of October, 2010.

By: _____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff